RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

MAR 10 2021

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUBEN ROBLES-RAMOS,<br><br>Defendant. | Case No. 1:20-cr-00103-BLW<br><br>**SUPERSEDING INDICTMENT**<br><br>18 U.S.C. § 922(g)(5)(A)<br>18 U.S.C. § 924(d)<br>21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B)<br>21 U.S.C. § 846<br>21 U.S.C. § 853<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

### COUNT ONE

**Distribution of Methamphetamine**
**21 U.S.C. § 841(a)(1) and (b)(1)(A)**

On or about January 16, 2020, in the District of Idaho, the defendant, RUBEN ROBLES-RAMOS, did knowingly and intentionally distribute fifty grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**SUPERSEDING INDICTMENT - 1**

## COUNT TWO

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A)

On or about February 6, 2020, in the District of Idaho, the defendant, RUBEN ROBLES-RAMOS, did knowingly and intentionally distribute fifty grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT THREE

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A)

On or about March 3, 2020, in the District of Idaho, the defendant, RUBEN ROBLES-RAMOS, did knowingly and intentionally distribute fifty grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT FOUR

### Possession with Intent to Distribute Methamphetamine and Heroin
### 21 U.S.C. § 841(a)(1), (b)(1)(A) and (b)(1)(B)

On or about March 27, 2020, in the District of Idaho, the defendant, RUBEN ROBLES-RAMOS, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams of more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and over 100 grams of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

**SUPERSEDING INDICTMENT - 2**

## COUNT FIVE

### Conspiracy to Distribute Methamphetamine and Heroin
### 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and 846

Beginning on or about November 1, 2019, and continuing to on or about March 27, 2020, in the District of Idaho, the defendant, RUBEN ROBLES-RAMOS, did knowingly and intentionally combine, conspire, confederate and agree with Juan Manuel Sanchez-Ponce, German Lopez-Villasenor, and other individuals known and unknown to the Grand Jury, to distribute 50 grams or more of actual methamphetamine and 500 grams of more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A) and 846, and over 100 grams of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and 846.

## COUNT SIX

### Unlawful Possession of a Firearm
### 18 U.S.C. § 922(g)(5)(A)

On or about March 27, 2020, in the District of Idaho, the defendant, RUBEN ROBLES-RAMOS, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess in and affecting commerce a firearm; that is, a Revelation model 356Y Series A .410 gauge shotgun, bearing serial number P916388, and a Century Arms Inc. Model C308 Sporter, .308 caliber rifle, bearing serial number C308E23122, said firearms having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A).

## CRIMINAL FORFEITURE ALLEGATION
## Drug Forfeiture
## 21 U.S.C. § 853

Upon conviction of the offenses alleged in this Indictment, the defendant, RUBEN ROBLES-RAMOS, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property.</u>

   a. The approximate sum of $2,424 currency seized from the defendant on March 27, 2020.

   b. Revelation model 356Y Series A .410 gauge shotgun, bearing serial number P916388.

   c. Century Arms Inc. Model C308 Sporter, .308 caliber rifle, bearing serial number C308E23122.

   d. Rock Island Armory, Model M1911 A1-FS, .45 ACP pistol, bearing serial number RIA2006048.

   e. Sig Sauer, Model P320, 9mm pistol, bearing serial number DUO1682.

   f. Mossberg, Model 590 12 gauge shotgun, bearing serial number K643187.

**SUPERSEDING INDICTMENT - 4**

   g. Zastava, Model PAP M70, 7.62x39mm caliber rifle, bearing serial number N-PAP030457.

   h. Lorcin, Model L-380, .380 caliber pistol, bearing serial number 310731.

   i. Various types and calibers of ammunition.

2. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>.  The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

3. <u>Substitute Assets.</u>  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty.

**SUPERSEDING INDICTMENT - 5**

## CRIMINAL FORFEITURE ALLEGATION
### Firearm Forfeiture
### 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

Upon conviction of the offenses alleged in this Indictment, the defendant, RUBEN ROBLES-RAMOS, shall forfeit to the United States, any firearms or ammunition involved in or used in the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property.</u>

    a. Revelation model 356Y Series A .410 gauge shotgun, bearing serial number P916388.

    b. Century Arms Inc. Model C308 Sporter, .308 caliber rifle, bearing serial number C308E23122.

    c. Rock Island Armory, Model M1911 A1-FS, .45 ACP pistol, bearing serial number RIA2006048.

    d. Sig Sauer, Model P320, 9mm pistol, bearing serial number DUO1682.

    e. Mossberg, Model 590 12 gauge shotgun, bearing serial number K643187.

    f. Zastava, Model PAP M70, 7.62x39mm caliber rifle, bearing serial number N-PAP030457.

    g. Lorcin, Model L-380, .380 caliber pistol, bearing serial number 310731.

    h. Various types and calibers of ammunition.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 10th day of March, 2021.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:

CHRISTOPHER A. BOOKER
ASSISTANT UNITED STATES ATTORNEY

**SUPERSEDING INDICTMENT - 7**