UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN ROBLES-RAMOS,<br><br>Defendant. | Case No. 1:20-cr-00103-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Ruben Robles-Ramos's Motion to Reduce Sentence. (Dkt. 60). Robles-Ramos moves for a two-point reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, Subpart 1 (Zero Point Offender) to the Sentencing Guidelines. For the reasons explained below, the Court denies the motion.

### I.  BACKGROUND

On September 29, 2021, Robles-Ramos entered a plea of guilty to Count Three of the Indictment, which charged him with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). (Dkt. 41 at p. 2). Law enforcement recovered two firearms at his residence and two firearms in a storage locker after his arrest. (*Id.* at p. 9). Among other admissions in his plea agreement, Robles-Ramos admitted that the firearms "found by law enforcement on the day of his arrest, are sufficiently connected to the criminal offenses in this case." (*Id.* at p. 4). The plea agreement explained the Government would recommend a two-level sentencing enhancement per

U.S.S.G. § 2D1.1(b)(1) because of this firearm possession. (Dkt. 41 at p. 9). On February 3, 2022, the Court sentenced Robles-Ramos to a term of 120 months of imprisonment. (Dkts. 55, 56).

Robles-Ramos now moves under 28 U.S.C. § 3582(c)(2) to reduce the length of his sentence. (Dkt. 60). His motion relies on the U.S. Sentencing Commission's adoption of Part B, Subpart 1 to Amendment 821, which created U.S.S.G. § 4C.1.1 and provides a two-point sentence reduction for criminal defendants who have zero criminal history points and meet specific criteria. Among his arguments regarding factors under 28 U.S.C. § 3553(a), he claims he "was not engaged in a crime of violence and did not have a gun." (Dkt. 60 at p. 5). The Government objects to Robles-Ramos's motion. (Dkts. 62, 63).

## II.     LEGAL STANDARD

Under § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Commission subsequently lowered the defendant's sentencing range, a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and a court considers the § 3553(a) factors. Thus, under § 3582(c)(2), the analysis is twofold. First, a court must determine if a retroactive amendment to the Sentencing Guidelines applies to warrant reducing a defendant's guideline range. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, a court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with the Sentencing Commission's policy statements. *Dillon*, 560 U.S. at 827. In determining the extent of the reduction, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of sentence. *See* U.S.S.G. § 1B1.10(b)(1). This reduction is strictly limited to the low end of the new

applicable guideline, with one exception (where the defendant received a below-guideline sentence based on substantial assistance). *See* U.S.S.G. § 1B1.10(b)(2).

### III.   ANALYSIS

Amendment 821 took effect on November 1, 2023; applies retroactively; and altered the Sentencing Guideline's application with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023); U.S.S.G. amend. 821. Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels if certain criteria are met. U.S.S.G. amend. 821, pts. A, B. With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his or her offense level if the defendant meets all the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**MEMORANDUM DECISION AND ORDER - 3**

    (8)    the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

    (9)    the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

    (10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*See* U.S.S.G. § 4C1.1(a). The Commission has decreed that this change applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. at 60535; U.S.S.G. amend. 821.

On December 6, 2023, this Court entered General Order 435, which adopts a procedural order for the review of defendants potentially eligible for sentencing reductions under § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines. Dist. Idaho Gen. Ord. No. 435. The procedural order provides for a committee to review each case and attempt to reach stipulations on eligibility. *Id.* at p. 4-7. The committee did not review Robles-Ramos's case because he was not on the Sentencing Commission's list of potentially eligible defendants and had not yet filed a pro se motion. (Dkt. 63 at p. 3).

Robles-Ramos has since moved to reduce his sentence. (Dkt. 60). The Government argues that because Robles-Ramos possessed a firearm in connection with the offense, the newly enacted Section 4C1.1 does not apply to him. (Dkt. 63 at p. 4). The Court agrees. Here, Robles-Ramos admitted law enforcement recovered two firearms at his residence and two firearms in a storage locker. (Dkt. 41 at pp. 4, 9). Robles-Ramos's plea agreement stipulated that he used the firearms in connection with the offense, which contradicts his motion's statement that he "did not have a gun." (Dkt. 60 at p. 5). The Court will defer to the plea agreement's stipulated facts rather than the one-sentence assertion in Robles-Ramos's motion. Because Robles-Ramos possessed a firearm in

**MEMORANDUM DECISION AND ORDER - 4**

connection with the offense, the zero-point offender amendment does not apply to him, it does not "subsequently lower the defendant's sentencing range" as required by § 3582(c)(2), and he is ineligible for a reduction in sentence. *See* U.S.S.G. § 4C1.1(a)(7). Accordingly, the Court denies Robles-Ramos's motion.

### IV.  ORDER

**IT IS ORDERED that:**

1. Defendant Ruben Robles-Ramos's Motion to Reduce Sentence (Dkt. 60) is **DENIED**.

DATED: December 05, 2024

Amanda K. Brailsford
U.S. District Court Judge